DAVID P. REINER, II; Fla. Bar. No. 416400
Reiner & Reiner, P.A.
9100 S. Dadeland Blvd., Suite 901
Miami, Florida 33156
Phone: (305) 670-8282; Fax (305) 670-8989
eservice@reinerslaw.com; efile@reinerslaw.com

Attorney For JOSEPH WANAMAKER
(Admitted *Pro Hac Vice*)

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: JOSEPH WANAMAKER,<br><br>　　　　Debtor,<br>_____<br><br>THE AFFILIATI NETWORK, LLC, a Delaware Corporation, Previously known as, THE AFFILIATI NETWORK, INC., a Florida Corporation, and SANJAY PALTA, an individual<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>JOSEPH WANAMAKER, an individual,<br><br>　　　　Defendant | Case No.: 1:20-bk-10026-VK<br><br>[Chapter 7]<br><br>Adv. Case No.: 1:22-ap-01038-VK<br><br>MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT |

　　　Defendant, JOSEPH WANAMAKER, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b) and (e), hereby files this Motion to Dismiss and for More Definite Statement, and states:

**MEMORANDUM OF POINTS AND AUTHORITIES**

MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

- 1 -

## I. INTRODUCTION AND STATEMENT OF FACTS

Adversary Plaintiffs ("Affiliati & Palta") filed this Adversary Complaint ("Complaint") in the above styled matter on July 30, 2022 against Debtor/Defendant Joseph Wanamaker ("Defendant") after the Court ended more than two years of Plaintiffs' investigation under Rule 2004. At the same time, Affiliati & Palta's and the Defendant's history over the last seven years provides the backbone of the main bankruptcy case. Most, if not all, of the Defendant's debts arise out of a ***three-month contract*** relationship between Affiliati and FitcrewUSA, Inc ("Fitcrew"). Fitcrew was an online marketer of fitness supplements and Affiliati (managed and owned by Palta), ran a third-party network of online affiliate marketers. Affiliati & Palta's marketers, via online advertisement, Facebook posts, emails and other methods, generated or delivered sales to Fitcrew.

Fitcrew, acting in accordance within industry standards and practices, created or affiliated a number of other entities to act as merchant account clearing houses to process payments for Fitcrew orders. As evidence from prior litigation shows, Affiliati & Palta even offered to help set up these merchant account clearing houses. In addition, Fitcrew created or contracted with fulfilment and other marketing/media companies to compartmentalize parts of the sales process. The present characterization by Affiliati & Palta that the Defendant's business model was somehow shady or improper is at odds with their statements in prior litigation.

Again, Fitcrew's sales campaign with Affiliati lasted for three months. During that three-month relationship, however, based on misrepresentations to consumers made by Affiliati & Palta's marketers (including fake celebrity endorsements) and other actions by Affiliati & Palta (as discovered and disclosed by the San Diego District Attorney's office) Fitcrew lost millions of dollars. **In three months!**

Litigation ensued in Florida (U.S. District Court, SD FL Case No.: 16-CV-24097-UU)

MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

("**Affiliati 1**") and was relentless. Affiliati & Palta sued Fitcrew and Joe Wanamaker for breach of contract – no fraud claims were raised. That case ended in a Settlement Agreement on the eve of jury trial after key evidence of advertising fraud by Affiliati & Palta had been successfully hidden by Affiliati & Palta and their counsel. In the following weeks, during the course of making payments in compliance with the settlement agreement, Mr. Wanamaker learned that Affiliati & Palta's principal marketer for Fitcrew's advertising campaign had been arrested in San Diego for… advertising fraud.

An investigation by Wanamaker into this arrest lead to a second lawsuit by Affiliati & Palta (U.S. District Court, SD FL Case No.: 18-CV-22576-Cooke) ("**Affiliati 2**"), which was an attempt to stop Wanamaker from investigating and speaking with the San Diego District Attorney in their prosecution of Affiliati & Palta's marketer – and potentially the ringleader, Sanjay Palta. Defendant wants the Court to be aware that, regardless of the parties' positions in the past as to who acted wrongfully, today Affiliati & Palta and their attorneys are the bad actors – wasting the Court's time and resources, misrepresenting facts that have been litigated and resolved and delaying the resolution of this bankruptcy proceeding at great cost.

## II.     STANDARD FOR DISMISSAL

Rule 12(b)(6) of the Federal Rules of Civil Procedure (F.R.C.P.) applies in adversary proceedings and provides that a party may assert the defense of "failure to state a claim upon which relief can be granted." Fed. R. Bankr. P. 7012(b); *In re Kvassay*, 2014 WL 2446181, at *9 (B.A.P. 9th Cir. May 30, 2014). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the allegations in the complaint. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001); *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged

MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

In resolving a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, and accept all well-plead factual allegations as true. *Johnson*, 534 F.3d at 1122; *Knox v. Davis*, 260 F.3d 1009, 1012 (9th Cir. 2001). The Court, however, is not bound by conclusory statements, statements of law, and unwarranted inferences cast as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a Plaintiffs' obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court elaborated on the Twombly standard:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. ... Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

The allegations of a complaint, along with other materials properly before the court on a motion to dismiss, can establish an absolute bar to recovery. See *Weisbuch v. Cty. of L.A.*,

MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

-4-

119 F.3d 778, 783 n.1 (9th Cir. 1997) ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts."). Generally, when ruling on a Rule 12(b)(6) motion to dismiss, courts cannot consider material outside the pleadings. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018*); Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). If matters outside of the pleadings are "presented to and not excluded by the court," the motion to dismiss is converted to a motion for summary judgment under Rule 56 and all parties must be given a "reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). There are, however, two exceptions to this rule: 1) matters that the Court can take judicial notice of under Rule 201 of the Federal Rules of Evidence; and 2) the incorporation-by-reference doctrine, which treats certain documents as if they were "part of the complaint itself." *Khoja*, 899 F.3d at 999, 1002.

Clearly the party seeking dismissal under Rule 12(b)(6) has the burden of proof. *In re Reed*, 532 B.R. 82, 88 (Bankr. N.D. Ill. 2015); *In re Enron Corp.*, 316 B.R. 434, 449 (Bankr. S.D.N.Y. 2004). But "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). To state a plausible claim for relief, a complaint must satisfy two working principles:

First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice.... Second, only a complaint that states a

MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing Civil Rule 8(a)(2)).

Although the pleading standard Civil Rule 8 announces "does not require 'detailed factual allegations,' ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III. The Complaint Fails to State With Particularity the Allegations of Fraud to State a Claim Under Section 523

Counts I-II allege pre-petition fraud giving rise to Affiliati & Palta claims. Section 523(a)(2)(A) provides that a debtor is not discharged from a debt that was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." "To state a claim for fraud under § 523(a)(2)(A), the plaintiff needs to allege and prove: '(1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.'" *In re Seunghwan Jeong*, No. 8:18-AP-01169-ES, 2020 WL 3048195, at *5 (B.A.P. 9th Cir. June 2, 2020) (quoting *Deitz v. Ford* (*In re Deitz*), 760 F.3d 1038, 1050 (9th Cir. 2014))

MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

The litigation in Florida is important to any review of this adversary case because Affiliati & Palta made representations in those proceedings, and Federal judges in Florida, at both the district court level and circuit court of appeals level, made findings - *all of which Affiliati & Palta are aware of* - which are at odds with representations now being made to this Court in these proceeding.[1] For instance, in **Affiliati 1**, Affiliati & Palta requested the Court reform the contract to clarify that Fitcrew USA, Inc is the *advertiser* and Wanamaker is the *guarantor*. The court agreed:

> ORDERED AND ADJUDGED as follows:
>
> (1) Affiliati Network, Inc.'s and Sanjay Palta's Motion for Final Summary Judgment as to Counts I-II of the Complaint, Counts I-II of Third-Party Complaint, and Counts I-IV of Counterclaim, D.E. Motion, D.E. 59, is GRANTED IN PART and DENIED IN PART, as follows:
>
> (a) The Court hereby conforms AFI's Complaint, D.E. 1, to plead a breach of contract claim against FUSA and a breach of guaranty claim against Wanamaker.

---

[1] Rule 11(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

**Affiliati 1**, DE 102.

The Adversary allegations and claims rely on the exact opposite characterization of "Advertiser" and "Guarantor" (See DE 1, ¶ 62) despite the fact that Affiliati & Palta (and the signing attorneys) know better. These issues can be raised via affirmative defenses such as collateral estoppel or unclean hands but these allegations are not close calls – they are deliberate misrepresentations to the Court regarding issues that were raised by Affiliati & Palta in prior litigation *and decided in favor of Affiliati & Palta* – finding Fitcrew is the Advertiser and Wanamaker is the guarantor. As a guarantor, Defendant at worst could only have breached a contract to pay a debt. There was no fraud.

Second, yet no less important, as set forth more particularly below, and again as Affiliati & Palta know based on the prior litigation, Joseph Wanamaker never signed the IO or Standard Terms and Conditions. Christine Naud signed on his behalf. Additionally, the Standard Terms and Conditions contain a merger clause. There was no fraud. The claims in Counts I & II are spectacularly frivolous.

Third, Affiliati & Palta's alleged fraud claims were transformed ***by them*** from the breach of advertising contract and guarantor claims - to breach of Settlement Agreement claims - containing merger clauses! The Settlement Agreement was filed in **Affiliati 2**.

Under Federal law, a party is collaterally estopped from relitigating an issue if: (1) the identical issue was raised in a previous proceeding; (2) the issue was "actually litigated and decided" in the previous proceeding; (3) the party has had a "full and fair opportunity" to litigate the issue; and (4) the resolution of the issue was "necessary to support a valid and final judgment on the merits." *Boguslavsky v. Kaplan*, 159 F.3d 715, 719–720 (2d Cir.1998), citing *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir.1997). Defendant request the Court take

MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

judicial notice under Rule 201 of the wellspring litigation (**Affiliati 1**) pleadings and orders which gave rise to the claims Affiliati & Palta have filed in the main bankruptcy and in this Adversary and the subsequent Settlement enforcement action – **Affiliati 2**. Alternatively, the documents referenced by the Plaintiffs should be incorporated by reference and the Plaintiffs be ordered to file same of record.

Aside from the obvious misrepresentations by the Plaintiffs, the Complaint alleges "what appears to be a garden-variety contract claim." *In re Seunghwan Jeong,* No. 8:18-AP-01169-ES, 2020 WL 3048195, at *5. But the Complaint's story of Defendant's failure to meet his contractual obligations does not satisfy the particularity standard for fraud claims nor does it state plausible claims for relief under Section 523.

There is a reason the Plaintiffs did not attached documents to the Complaint. The documents *they reference* negate their claims. The Court should dismiss or give Affiliati & Palta an opportunity to withdraw these Counts.

### IV.    The Complaint Fails to State With Particularity the Allegations of Fraud to State a Claim Under Section 727

Counts III–VIII alleged post-petition fraudulent concealment issues. Section 727(a)(2)(A) provides that a debtor shall not be granted a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed-- (A) property of the debtor, within one year before the date of the filing of the petition . . .."

Section 727(a)(4)(A) provides that a debtor will not receive a discharge if the debtor knowingly and fraudulently, in or in connection with the case, if the debtor "made a false oath or

MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

- 9-

account". "The fraud provision of § 727(a)(4) is similar to common law fraud, which the Ninth Circuit has described as follows:

> The creditor must show that (1) the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditors; (4) that the creditors relied on such representations; (5) that the creditors sustained loss and damage as the proximate result of the representations having been made.

The intent required for finding that the debtor has acted fraudulently under § 727(a)(4)(A) with respect to a false oath must be ***actual intent***: constructive fraudulent intent cannot be the basis for the denial of a discharge." *In re Roberts*, 331 B.R. 876, 884 (B.A.P. 9th Cir. 2005), aff'd and remanded, 241 F. App'x 420 (9th Cir. 2007).

The record before this Court is clear that the Defendant has acted on advice of counsel with respect to the filing of schedules and amendments thereto. The U.S. Trustee elected not to pursue and adversary against the Defendant. On August 4, 2022, the Trustee, having settled a number of disputes regarding various transfers or transactions between persons, entities and the Debtor, abandoned all interest in the affiliated companies which Affiliati & Palta make much ado about in Counts III-VIII.

As the Court is also aware, there is parallel litigation in state court where Affiliati & Palta hope to collect their judgment against Fitcrew – *the Advertiser who contracted with Affiliati & Palta*. Affiliati & Palta seek in the Counts 3-8 in this Adversary to bar discharge. This case has been captained by good attorneys who were paid a lot of money. All of these claims fail on the element of "intent." The Complaint is poorly drafted, nesting allegations and reallegations and, after two years of 2004 investigations, and simply fails to give even minimum notice of the claims brought as required by Rule 8, Fed. R. Civ. P. As discussed more particularly below, the

MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

- 10-

Complaint should be dismissed and/or Affiliati & Palta should provide more definite statements (or correct statements) in support of these claims – or be allowed to abandon them entirely.

### V.    Plaintiffs' Entire Complaint is a Shotgun Pleading

This Court "has recognized that allowing shotgun pleadings would lead to many negative consequences." *Sollberger v. Wachovia Securities*, LLC, 2010 WL 2674456 at p.4 (C.D. Cal. June 30, 2010) (citing *Mason v. County of Orange*, 215 F.R.D. 562, 563-64 (C.D. Cal. 2008)). "Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the Plaintiffs' allegations. They are unacceptable." *Sollberger,* 2010 WL 2674456 at p.4.

Plaintiffs' Complaint impermissibly incorporates all preceding allegations and claims for relief in each successive count. In other words, Plaintiffs' First Claim for Relief incorporates all preceding allegations including all of Plaintiffs' post-petition allegations. Plaintiffs' Second Claim for Relief incorporates all preceding allegations including the First Claim for Relief and again, all of Plaintiffs' post-petition allegations. Plaintiffs' Third Claim for Relief incorporates all preceding allegations including the First and Second Claims for Relief and all the pre-petition allegations. And so forth and so on. Additionally, the factual allegations themselves are not readily answerable in their current form. Further, Plaintiffs allege in Counts III – VIII that third parties made false claims and yet fail to allege or explain how the Defendant is culpable.

In the general allegations, many paragraphs contain long recitations of multiple transactions and occurrences pertaining to multiple persons and entities not before this Court. Defendant cannot readily respond with a simple "admitted" or "denied" in the face of such an unclear mass of allegations. This is particularly evident in ¶¶54-58. Additionally, Plaintiff has realleged all the reallegation paragraphs (¶¶ 79, 85, 101, 104, 110 and 116) creating and infinity

MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

mirror of allegations. Plaintiffs' Complaint is exactly the type of shotgun pleading which courts routinely dismiss.

## VI.  Claim for Attorneys' Fees Should be Stricken or Re-Stated

Lastly, Plaintiffs' claim for attorneys' fees does not state its basis in contract or statute, if any. Thus, it should be stricken or stated more definitively.

## CONCLUSION

Southern District of Florida Judge Marcia G Cook, on October 9, 2019, after reviewing all the facts in the *Affiliati v Fitcrew* case, was angry that she would have to rule in Affiliati's favor, not on the merits of the case but based on a technical rule, existing only in Florida, having to do with parties (Fitcrew & Wanamaker) entering into settlement agreements with known fraudsters (Affiliati & Palta). Judge Cook's comments best summarized this entire case:

> **THE COURT:** I am just trying to, because I have to say I was caught a little -- I don't know what the right word is, but the law in *Mergens*, which basically is if you are a fraudster and you settle, the person you settle with is stuck with settling with you because they knew you were a bad actor?
>
> **THE COURT:** You know, I can't help but thinking despite the fact that the law may be on your side, why I mean, wouldn't it be an understatement to say that your client (Affiliati) is not a good actor in this relationship?
>
> **THE COURT:** But you are sort of telling me I must accept the fact that this entity [Affiliati] is a snake, and the fact that it acts like a snake, I should be comfortable with that too?
>
> **THE COURT:** I really don't know what I am suggesting because I guess I am just -- I am perturbed. I am perturbed that the plaintiff (Affiliati) gets to use this analysis as a simultaneous sword and shield, to be the bad actor, and I know they want to talk about affiliates and people, but, you know, isn't that the stuff of every Ponzi scheme sort of/kind of actor where the other people did it, we are off in our secret bat cave and we just farmed all this stuff out?

MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

Transcript of United States District Court Southern District of Florida Judge Honorable Marcia G. Cook.  October 9, 2019 (**Affiliati 2** – DE 162).[2]

These are the parties that have waged war on the Debtor for the last seven years, and seek to continue their vexatious campaign here – as Plaintiffs in this equitable proceeding.

As set forth above, Plaintiffs failed in their attempt to mold a breach of contract claim into plausible claims for relief under Sections 523(a)(2)(A) and 523(a)(6); and failed in their attempt to articulate actionable intent to hinder or hide assets and claiming Defendant is somehow responsible for third party representations under 727(a)(2)(A), 727(a)(3), 727(a)(4)(A), 727(a)(4)(B) and 727(a)(4)(D).  Plaintiffs likewise failed to meet the particularity standard for the claims grounded in fraud.  And the entire pleading, incorporating and realleging every allegation in every count is textbook ***shotgun pleading***.  Accordingly, Defendant respectfully requests that that the Complaint and each cause of action therein be dismissed without leave to amend.

    Respectfully Submitted,

    **REINER & REINER, P.A.**
    *Counsel for Debtor Defendant Joseph Wanamaker*
    9100 South Dadeland Boulevard, Suite 901
    Miami, Florida 33156-7815
    Tele.: (305) 670-8282; Fax: (305) 670-8989
    *dpr@reinerslaw.com; eservice@reinerslaw.com*

    By: _____
    **DAVID P. REINER, II**; FBN 416400
    (Admitted Pro Hac Vice)

---

[2] "*Mergens*" refers to *Mergens v. Dreyfoos*, 166 F.3d 1114 (11th Cir. 1999) (It is unreasonable to rely on any statements or promises made by someone you know to be fraudsters)

MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

# CERTIFICATE OF SERVICE

*I HEREBY CERTIFY that on **August 31, 2022,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

By: _____
**DAVID P. REINER, II**; FBN 416400
(Admitted Pro Hac Vice)