| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>TRAVIS A. CORDER (SBN 237575)<br>CORDER LAW OFFICE<br>815 Moraga Drive, Ste. 300; Los Angeles, CA 90049<br>Telephone: 310-775-5762; Fax: 310-861-0320<br>Email: travisacorder@gmail.com<br><br>STELLA HAVKIN (SBN 134334)<br>HAVKIN & SHRAGO ATTORNEYS AT LAW<br>5950 Canoga Avenue, Ste. 400, Woodland Hills, CA 91367; Telephone: 818-999-1568; Fax: 818-293-2414<br>Email: stella@havkinandshrago.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Plaintiffs | FOR COURT USE ONLY |
|---|---|

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| In re:<br>JOSEPH WANAMAKER<br><br><br><br>Debtor(s). | CASE NO.: 1:20-BK-10026-VK<br><br>ADVERSARY NO.: 1:22-ap-01038-VK<br><br>CHAPTER: 7 |
|---|---|
| THE AFFILIATI NETWORK, LLC, A Delaware Corporation, Previously known as, THE AFFILIATI NETWORK, INC., a Florida Corporation, and SANJAY PALTA, an individual,<br>Plaintiff(s).<br>vs.<br>JOSEPH WANAMAKER, an individual,<br><br>Defendant(s). | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]** |
| | DATE: 11/16/2022<br>TIME: 1:30 p.m.<br>COURTROOM: 301 (VIA ZOOM)<br>ADDRESS: United States Bankruptcy Court<br>Central District of California<br>21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

A. **PLEADINGS/SERVICE:**

1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)? ☒ Yes ☐ No

2. Have all parties filed and served answers to the Claims Documents? ☒ Yes ☐ No

3. Have all motions addressed to the Claims Documents been resolved? ☒ Yes ☐ No

4. Have counsel met and conferred in compliance with LBR 7026-1? ☒ Yes ☐ No

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015     Page 1     F 7016-1.STATUS.REPORT

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):

B. **READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?

   <u>Plaintiff</u>  <u>Defendant</u>
   7/15/2023  3/1/2023

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

   <u>Plaintiff</u>  <u>Defendant</u>
   Substantial discovery required from banks, other third parties and Defendant. Please see attached discovery plan, Exhibit A.

3. When do you expect to complete <u>your</u> discovery efforts?

   <u>Plaintiff</u>  <u>Defendant</u>
   6/1/2023 as long as discovery targets, including 3d parties, comply timely with subpoenas; i.e., if no delays/discovery disputes-motions to compel required  1/30/2023

4. What additional discovery do you require to prepare for trial?

   <u>Plaintiff</u>  <u>Defendant</u>
   Please see attached discovery plan, Exhibit A.  Please see attached discovery plan, Exhibit A.

C. **TRIAL TIME:**

1. What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?

   <u>Plaintiff</u>  <u>Defendant</u>
   8 days  3 days

2. How many witnesses do you intend to call at trial (*including opposing parties*)?

   <u>Plaintiff</u>  <u>Defendant</u>
   11-15  4-5

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015    Page 2    F 7016-1.STATUS.REPORT

3. How many exhibits do you anticipate using at trial?

| Plaintiff | Defendant |
|---|---|
| 300-400 | >100 |

D. **PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|---|---|
| Pretrial conference ☒ is ☐ is not requested | Pretrial conference ☒ is ☐ is not requested |
| Reasons: | Reasons: |

| Plaintiff | Defendant |
|---|---|
| Pretrial conference should be set after: | Pretrial conference should be set after: |
| (date) 06/30/2023 | (date) 02/04/2023 |

E. **SETTLEMENT:**

1. What is the status of settlement efforts?

    All previous attempts at settlement have failed including five prior mediations. The parties continue to informally pursue settlement efforts within the bankrutpcy case and this adversary proceeding. This adversary proceeding is itself the result of a breach of a settlement agreement.

2. Has this dispute been formally mediated?    ☒ Yes    ☐ No
   If so, when?
   U.S.D.C. So. Dist. Fla., case nos. 1:16-cv-24097-UU, 1:18-cv-22576-MGC; 11th Circuit Court of Appeal, case nos. 18-14845, 18-15175, and 20-10085.

3. Do you want this matter sent to mediation at this time?

| Plaintiff | Defendant |
|---|---|
| ☐ Yes  ☒ No | ☒ Yes  ☐ No |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                    Page 3                                    F 7016-1.STATUS.REPORT

F. **FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

| Plaintiff | Defendant |
|---|---|
| ☒ I do consent | ☒ I do consent |
| ☐ I do not consent | ☐ I do not consent |
| to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. | to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. |

G. **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

In regards to item E.3 above, the Plaintiffs accept the Court's guidance, but given prior settlement efforts and the 6-year litigation history here, Plaintiffs do not believe a further mediation would be fruitful at this time.

Defendant's position is that mediation is always valuable where the parties' positions have changed. The parties have never mediated where the Plaintiffs' claims have been subject, in whole or in part, to discharge.

Respectfully submitted,

Date: 11/02/2022

Corder Law Office
Printed name of law firm

_(signature)_
Signature

Travis A. Corder
Printed name

Attorney for: Plaintiffs

Date: 11/02/2022

Reiner & Reiner, PA
Printed name of law firm

_(signature)_
Signature

David P. Reiner, II
Printed name

Attorney for: Defendant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                              Page 4                              F 7016-1.STATUS.REPORT

**EXHIBIT A**

**Exhibit A to Updated Joint Status Report [LBR 7016-1(a)(2)] Filed 11/02/2022**

I.  **Compliance with Fed. R. Bankr. P. 7026/Fed R. Civ. P. 26**

The parties commenced their Fed. R. Bankr. P. 7026/Fed. R. Civ. P. 26 (herein, "Rule 26") conferencing and filed their initial Joint Status Report [LBR 7016-1(a)(2)] on September 28, 2022 (Adv dkt 19) prior to the October 12, 2022 initial status conference in this matter.

This Court ordered the parties to file an additional joint status report including a discovery plan by November 2, 2022 and also ordered the parties to a further status conference which is set for November 16, 2022 at 1:30 p.m. (Adv dkt 26)

Plaintiffs electronically filed and thus served their initial Rule 26 disclosures on Defendant on October 17, 2022. (Adv dkt 29)

Defendant electronically filed and thus served his initial Rule 26 disclosures on Plaintiffs on October 21, 2022. (Adv dkt 31)

On October 28, 2022, the parties, through their counsel Stella Havkin and Travis Corder (for Plaintiffs) and David Reiner (for Defendant), further met and conferred by video conference for approximately 0.8 hours regarding Rule 26 issues, the upcoming status conference, the preparation of this supplemental Joint Status Report, and settlement possibilities and positions.

During the October 28 videoconference, among other items discussed, Plaintiffs indicated their intent to amend and supplement Plaintiffs' initial Rule 26 disclosures. Plaintiffs intend to complete and serve their amended Rule 26 disclosures by November 10, 2022.

II.  **Proposed Discovery Plan**

A.  **Changes to Rule 26 Disclosures and Timing of Disclosures**

The parties do not at this time believe any changes should be made in the timing, form or requirement for disclosures under Rule 26(a). Plaintiffs electronically filed and thus served their initial Rule 26 disclosures on Defendant on October 17, 2022. Defendant electronically filed and

thus served his initial Rule 26 disclosures on Plaintiffs on October 21, 2022. Plaintiffs will serve their amended Rule 26 disclosures by November 10, 2022.

B.     Subjects Upon Which Discovery May Be Needed

1.     **Plaintiffs** require discovery regarding Defendant's fraud perpetrated against the Plaintiffs at the time that Plaintiffs entered into the contract ("IO") with the Defendant to provide affiliate marketing services to Defendant. [11 U.S.C. §523(a)(2)(A)]

Plaintiffs also require discovery regarding Defendant's infliction of willful and malicious injury upon plaintiffs in connection with Defendant's original fraudulent obtainment of Plaintiffs' marketing services and Defendant's entry into the settlement agreement in the first Florida federal litigation without true intent to perform that agreement and with the intent to only stall and delay Plaintiffs from being able to collect their payment. [11 U.S.C. §523(a)(6)]

Plaintiffs also require discovery regarding Defendant's transfer, removal, destruction, abscondment with, and concealment of property of the Debtor within one year prior the filing of the petition and his transfer, removal, destruction, abscondment with, and concealment of property of the Estate after the date of the filing of the petition. [11 U.S.C. §727(a)(2)(A), (B)] Plaintiffs require such discovery to prove that Defendant, with the intent to hinder, delay and defraud Plaintiffs, transferred, removed and concealed his interests in numerous corporations and businesses, including, without limitation, FitCrew USA, Inc. ("FitCrew"), UR Media Inc ("UR Media") and Ship Plus Logistics ("Ship Plus"), as well as numerous other entities that he legally or equitably owned and controlled prior to and after the date of the petition. Plaintiffs also require such discovery approved by listing false claims in his bankruptcy schedules, Defendant concealed equity in his former residence and that he directed his first cousin, Christine Naud, to file a proof of claim for Ship Plus, an entity that he legally or equitably owned and controlled, and then the filing of this proof of claim falsely asserting a secured lien on the residence, which

was an asset of the Estate. Plaintiffs also require discovery from at least two of Defendant's bankruptcy counsel, as well as discovery from the Defendant himself, regarding the content of Defendant's bankruptcy schedules (and his many amendments) because Defendant has testified under oath that the content of those schedules was provided by advice of his counsel.

Plaintiffs also require discovery regarding Defendant's failure to meet his affirmative duty to keep and preserve records accurately documenting his business and personal affairs. [11 U.S.C. §727(a)(3)]

Plaintiffs also require discovery regarding Defendant having made false oaths/accounts in or in connection with the bankruptcy case. [11 U.S.C. §727(a)(4)(A)] Plaintiffs require such discovery to prove their claims that Defendant made false statements in his schedules in connection with false claims asserted by Ship Plus and another alleged creditor, Ron Thomas.

Plaintiffs also require discovery concerning their claim that Defendant withheld from an officer of the estate recorded information, including books, documents, records, and papers relating to the Defendant's property or financial affairs. [11 U.S.C. §727(a)(4)(D)] Plaintiffs require such discovery to prove Defendant knowingly and fraudulently withheld documents in connection with the bankruptcy case including records pertaining to (1) the source of funds Defendant used to purchase his residence and make the mortgage payments; (2) the Ron Thomas and Ship Plus liens against the residence; (3) the true ownership of the corporate entities and the assets held therein by entities identified and at times not identified in Defendant's bankruptcy schedules; and (4) records of Defendant's income and personal expenses. Plaintiffs require said discovery to prove that Defendant did not provide the chapter 7 trustee with all relevant records and information and that the chapter 7 trustee was instead forced to seek records from third parties including Plaintiffs.

Plaintiffs also require discovery to prove that Defendant failed to explain satisfactorily,

before determination of denial of discharge, any loss of assets or deficiency of assets to meet the Defendant's liability. [11 U.S.C. §727(a)(5)]

Pursuant to Fed. R. Bankr. P. 2004, Plaintiffs conducted significant discovery prior to filing the present adversary complaint. However, even in a case of this scope encompassing a complex fraudulent corporate/asset transfer scheme across more than 50 separate entities, Rule 2004 is limited and Plaintiffs must obtain their further required discovery in this adversary proceeding. In connection with all of the discovery subjects listed above, Plaintiffs require discovery regarding Defendant's use and abuse of the corporate form, corporate bank accounts, credit card accounts, debit cards and prepaid cards, credit card processing/MID accounts, and other corporate and financial vehicles Defendant and his collaborators used to hold, hide, transfer and conceal his assets, so as to avoid paying Plaintiffs, among many entities which Defendant legally and/or equitably owned and controlled (and in some cases still owns and controls) and of which he is and has been a mere alter ego.

Such discovery will include written discovery requests, subpoenas and deposition notices directed to both Defendant and third parties, including, without limitation, numerous banks, a mortgage broker, lenders and loan servicers, title companies, credit card processing companies known as "MIDs", and third parties who assisted and collaborated with Defendant to effect Defendant's fraud on Plaintiffs and his fraudulent transfer and secreting of assets.

Plaintiffs believe that, absent obstruction, delay or motions to compel, if Defendant and relevant third parties are reasonably compliant, Plaintiffs' discovery can be completed by June 1, 2023. Specifically, but without limitation, Plaintiffs currently plan to issue subpoenas (mostly seeking documents) to approximately 10 "neutral" financial institutions/companies that are not expressly affiliated with or aligned with Defendant; to issue discovery requests to Defendant; and to issue subpoenas seeking mainly documents but also some depositions to approximately 10

third parties who are affiliated with/aligned with Defendant.

Plaintiffs do not believe that discovery should be conducted in phases or limited to particular subjects given that many of the witnesses will have information that overlaps many of the subject areas regarding which Plaintiffs are seeking discovery.

2.  **Defendant** believes that most of the discovery has already been completed with respect to Plaintiffs' claims and most of the Plaintiffs' discovery at this stage will be redundant and may be burdensome, however, Defendant does believe it will be necessary to conduct discovery with respect to his affirmative defenses and believes that discovery can be completed within three months. Such discovery will include written discovery requests, subpoenas and deposition notices directed to both Plaintiffs and third parties. Defendant believes he will be able to propound the majority of the discovery before the end of November and may require two or three depositions before enough information is developed to pursue dispositive motions.

C.  Issues Regarding Electronic Discovery and Devices

Plaintiffs allege that Defendant oversaw and operated a sophisticated Internet-based business comprised of many separate corporations, accounts and streams of income. Plaintiffs contend that Defendant and his collaborators did so pre-petition and are still doing so and by definition must utilize and did utilize substantial electronic devices, including, without limitation, computers, hard drives, servers, cell phones, and other devices.

During the Rule 2004 process, Defendant and his collaborators maintained that they utilized and/or possessed only few or no such devices and that they did not have custody of such devices or access to relevant Internet accounts, such as cloud accounts. Plaintiffs believe that much of the evidence in this case still yet to be obtained is or was being stored on such devices and/or in Internet cloud accounts. Thus Plaintiffs anticipate that if fulsome responses are not made to Plaintiff's discovery requests directed to Defendant and Defendant's affiliated third

parties, Plaintiffs will have to seek identification of and access to the devices and Internet accounts. This could slow the progress of the completion of Plaintiffs' discovery in this adversary proceeding beyond June 1, 2023.

Defendant disagrees that the forensic detail Plaintiffs propose is necessary to the orderly disposition of their claims - the elements of which are narrow and the relief sought identical for each count.

D.    Issues Re:  Claims of Privilege

The parties do not anticipate privilege issues at this time, although such issues may arise in connection with Defendant's assertion of the advice of counsel defense in connection with the preparation of his bankruptcy schedules. Defendants also believe such issues may arise in the context of criminal allegations against one of the Plaintiffs as it relates to Defendant's unclean hands defense among others.

E.    Changes to Discovery's Usual Limitations

The parties do not believe changes to standard discovery limitations should be made at this time.

F.    Any Other Orders Under Rule 26(c) or 16(b) and (c)

The parties do not believe additional orders under Rules 26(c) or 16(c) are necessary at this time, but make the following suggestions as to Rule 16(b).

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Havkin & Shrago Attorneys at Law, 5950 Canoga Avenue, Ste. 400, Woodland Hills, CA 91367 and my email address is stella@havkinandshrago.com.

A true and correct copy of the foregoing document entitled: JOINT STATUS REPORT [LBR 7016-1(a)(2)] will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 2, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- <u>Attorney for Movants:</u> **Brett B Curlee**    brett.curlee@thecurleelawfirm.com

- <u>Chapter 7 Trustee:</u> **Amy L Goldman (TR)**
  marisol.jaramillo@lewisbrisbois.com,
  AGoldman@iq7technology.com;ecf.alert+Goldman@titlexi.com

- <u>Attorney for Movants:</u> **Stella A Havkin**    stella@havkinandshrago.com,
  havkinlaw@earthlink.net;r49306@notify.bestcase.com

- <u>Creditor's Counsel:</u> **David P Reiner**    dpr@reinerslaw.com,
  eservice@reinerslaw.com

- <u>United States Trustee:</u> **United States Trustee (SV)**
  ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On November 2, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Bankruptcy Court Judge:</u>
Honorable Victoria S. Kaufman
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 354
Woodland Hills, CA 91367

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 2, 2022 | Stella Havkin | /s/Stella Havkin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |