

FILED & ENTERED

APR 19 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Pgarcia    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

In re:

Joseph Wanamaker

                                                    Debtor(s).
_____

Sanjay Palta,  The Affiliati Network, LLC

                                                    Plaintiff(s),

        v.

 UR Media Group, Inc., Joseph
Wanamaker

                                                    Defendant(s).
_____

CHAPTER 7

Case No.:  1:20-bk-10026-VK
Adv No:   1:22-ap-01038-VK

**ORDER DENYING DEFENDANT JOSEPH WANAMAKER'S MOTION TO RECUSE/DISQUALIFY JUDGE KAUFMAN**

        This is a highly contested bankruptcy case and adversary proceeding.  I have some limited experience with it through a discovery motion(s) last year, but no exposure to it thereafter or in other contexts.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

       The principal parties are Joseph Wanamaker (the debtor), Sanjay Palta and The Affiliati Network, Inc. (alleged creditors), and UR Media Group, Inc. (holder of certain assets).  Although this motion was brought in the adversary proceeding, it also affects the Trustee and the estate.

       In the bankruptcy case, the Trustee filed a motion to settle the dispute with UR Media Group, Inc. (UR Media) as to whether certain assets in question are owned by UR Media or whether they are assets of the bankruptcy estate.[1]  The assets in question are pieces of art and the motion to settle is on the basis that it is not economical for the estate to litigate this issue in that the art was purchased with a credit card in the names of both Wanamaker and of UR Media.  Further, the Trustee was informed by various art dealers that the value of the artwork was only a few thousand dollars per piece and not what the Debtor/UR Media had paid for them.

       Mr. Palta (Palta) and The Affiliati Network, Inc. (ANI) opposed the settlement and also filed a motion to amend their adversary complaint alleging that UR Media is an alter ego of Joseph Wanamaker (Wanamaker or Debtor) and therefore the assets of UR Media are property of the estate.  In preparation for the hearing on the settlement motion, Judge Kaufman posted a tentative ruling indicating her intent to disapprove the settlement:

       Here, the Trustee has not established that the settlement agreement is in the paramount interest of the creditors and a proper deference to their reasonable views, and that the Settlement Agreement is fair and equitable. Creditors' [Palta and ANI] primary objection, which is supported by the evidence submitted by Creditors, is that UR Media did not pay for the Art, Debtor's estate owns the Art and UR Media constitutes an alter ego of Debtor. Moreover, Debtor repeatedly has changed positions as to the extent of his interest in UR Media and UR Media's interests in various pieces of art.

_____

[1] !:20-bk-10026 (hereafter "Bankruptcy Case"), dkt. 566

In light of Creditors' evidence submitted with their opposition, and the pending adversary proceeding between Creditors and Debtor, the Court will not approve the sale of the Art at this time, if it is subject to the terms of the Settlement Agreement.[2]

At the hearing on the settlement motion on March 9, 2023, Judge Kaufman stated the following:

> THE COURT: Well, there isn't a purchaser, so not a purchaser, unless we approve the settlement agreement, and we're not going to approve the settlement agreement for the reasons outlined, that it's not in the interest of creditors in their views, and it appears that the art is property of the estate, and why should -- I don't see any reason why not to conclude that it's property of the estate. Just because it was
>
> MR. CORDER: Judge, we have --
>
> THE COURT: -- put on a UR Media credit card, when the forensic accountant has said that UR Media didn't pay the credit card.[3]

Also, at a hearing on March 8, 2023, Judge Kaufman granted the motion to amend the adversary proceeding to allow the alter ego allegations to be added to the complaint.[4]

In this motion, Mr. Wanamaker argues that Palta and ANI were engaged in advertising fraud. In short, Wanamaker asserts that it has been established that in the past Palta and ANI have acted fraudulently, orchestrated perjury, falsified documents, and conspired with their expert witnesses and lawyers and thus are tainted.  He states that Palta and ANI are continuing to act in this same way and that Judge Kaufman has

---

[2] Bankruptcy Case, dkt. 581
[3] Bankruptcy Case, dkt. 589
[4] 1:22-ap-01038 (hereafter Adversary Proceeding), dkt. 44, 47

been lured into prejudging this case "based on representations made by these creditors."

Because this motion is based solely on the words of Judge Kaufman that are part of the record and on documents from other entities, there is no reason for the Court to take evidence or argument as to these facts. Any decision as to this motion is based solely on the reasonable interpretation of what is already in the record. Thus, this motion has not been set for hearing and opposition or comments from other parties is not being requested or – if filed – considered.

<u>The Evidence before the Court</u>

The following is a brief summary of the evidence that was filed concerning the settlement motion, the motion to sell, and the motion to amend.

The opposition to the motion for compromise and motion to sell is voluminous. Palta and ANI state that they do not oppose the sale of the artwork, but do oppose the settlement by which 50 percent of the proceeds would be distributed to UR Media.[5] They set forth a variety of statements, supported in part by the attached evidence, that advise the Court that there are unresolved issues as to ownership of the art and the relationship of Wanamaker and UR Media.

It is possible that Wanamaker filed a reply or additional evidence, but there is none on the docket and the Trustee did not file anything further.

The motion to amend is based solely on the Trustee's motion to settle with UR Media. The opposition is that the Debtor would suffer harm because of the delay from the time of the commencement of the adversary proceeding and this amendment, that the amendment is futile, and that it does not meet the legal requirements. Judge Kaufman dealt with the legal issues and found that the amendment met each requirement, was appropriate, and that the delay caused no harm to the debtor/defendant. [6]

---

[5] Bankruptcy Case, dkt 571
[6] Adversary Proceeding, dkt. 36

1

2

## ANALYSIS

### Recusal Standards

There are two recusal statutes in Title 28, United States Code, but bankruptcy

judges are subject to recusal only under § 455. *Smith v. Edwards & Hale (In re Smith),*

317 F.3d 918, 932 (9th Cir. 2002); F.R.B.P. 5004(a). Section 455 begins with the broad

statement that "(a) Any justice, judge, or magistrate [magistrate judge] of the United

States shall disqualify himself in any proceeding in which his impartiality might

reasonably be questioned." *In United States v. McTiernan*, 2012 U.S.App. LEXIS 17473

(9th Cir. 2012), the Ninth Circuit Court of Appeals summarized the standard when the

recusal motion arises out of the judge's handling of a case rather than out of her

extrajudicial actions or interests:

"The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. §
455 is the same: Whether a reasonable person with knowledge of all the facts
would conclude that the judge's impartiality might reasonably be questioned."
*United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam)
(brackets and internal quotation marks omitted). Importantly, "[p]arties cannot
attack a judge's impartiality on the basis of information and beliefs acquired while
acting in his or her judicial capacity." *United States v. Frias-Ramirez*, 670 F.2d
849, 853 n.6 (9th Cir. 1982). As the Supreme Court has explained, opinions
formed by the judge on the basis of facts introduced or events occurring in the
course of the current proceedings, or of prior proceedings, do not constitute a
basis for a bias or partiality motion unless they display a deep-seated favoritism
or antagonism that would make fair judgment impossible. Thus, judicial remarks
during the course of a trial that are critical or disapproving of, or even hostile to,
counsel, the parties, or their cases, ordinarily do not support a bias or partiality
challenge. *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L.
Ed. 2d 474 (1994).

*McTiernan*, supra at 17475.

The United States Supreme Court spent considerable time analyzing the framework of when recusal is required under §455. *Liteky* concerned events that had happened in a prior trial of the same defendant in front of the same judge.  The Court spent considerable time dealing with the issue of whether an extrajudicial source establishes or precludes bias, and found that it would depend on the circumstances of each individual situation. But, as to opinions formed by the judge based on facts introduced or events that occurred in the current case or in a prior case, bias or partiality would only occur if the judge displayed a deep-seated favoritism or antagonism so that a fair judgment would be impossible:

> The judge who presides at a trial may, upon completion of the evidence, be
> exceedingly ill disposed towards the defendant, who has been shown to be a
> thoroughly reprehensible person. But the judge is not thereby recusable for bias
> or prejudice, since his knowledge and the opinion it produced were properly and
> necessarily acquired in the course of the proceedings, and are indeed sometimes
> (as in a bench trial) necessary to completion of the judge's task. As Judge
> Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does
> not mean child-like innocence. If the judge did not form judgments of the actors in
> those court-house dramas called trials, he could never render decisions." *In re J.*
> *P. Linahan, Inc*., 138 F.2d 650, 654 (2nd Cir. 1943)(emphasis added).

*Liteky*, 510 U.S. 550-1.


Application to this Motion

This motion asserts that even though Judge Kaufman had allowed an amendment which merely alleged that UR Media was an alter ego of the Debtor, in her hearing the next day, she denied the settlement because of her prejudgment that UR Media was, in fact, an alter ego of the Debtor and that the art belonged to the estate. Beyond that, Mr. Wanamaker argues that the paid "forensic" expert was tainted by his

association with Palta and ANI, who were found by another court to be "'snakes, fraudsters and bad actors operating a ponzi scheme.'" He also has presented a pair of 2018 declarations from a San Diego Deputy District Attorney.  These state that based on the investigation of the San Diego District Attorney's Office, Palta and ANI had Podgurski (the target defendant in the investigation) develop and promote false advertisement in order to "drive high-volume, but low-quality internet sales … [and that] Palta and Affiliati were aware that Podgurski was developing and promoting these fraudulent advertisements…."  The SDCDA was continuing the investigations and would have filed criminal charges against Palta and Affiliati except for their limited jurisdiction.[7]

The other piece of evidence referred to in this motion was a declaration by District Judge Marsha Cooke that Palta and ANI were "snakes, fraudsters and bad actors operating a ponzi scheme…"[8]  No copy of this statement by Judge Cooke was filed with this motion and it should be noted that Wanamaker only asserts that "the Court is or should be aware" of this declaration."[9]  However, there is no showing that either of these documents were ever put before the Court and they do not appear to have been presented in opposition to these motions.

Even if the purported evidence of bad character and bad acts had specifically been placed before the Court, FRE 608 would apply to the statements of the SDCDA because no criminal conviction was obtained and, in fact, no criminal action was brought.  It is possible that the District Judge's comments might be admissible under FRE 609, but they are not in evidence as to the motion to settle or the motion to amend.

But this all is a sidetrack to the recusal motion.

Looking at Judge Kaufman's specific comments, a reasonable person would not find that she had made a decision that UR Media is the alter ego of Palta and ANI. Merely that - as of that point in time – there is a credible argument to this effect and that there is evidence on the record to support it.  This does not demonstrate bias or any

---

[7] Adversary Proceeding, dkt. 52-1, Exhibit A, p. 4
[8] Adversary Proceeding, dkt. 52, p. 4
[9] Id.

prejudgment of the final outcome.  It is merely her analysis as of March 2023 and states why she granted the motion to amend the adversary complaint and why she denied the settlement at that time.

This motion is the mirror image of that in *Liteky*.  There the defendants sought recusal on the ground that comments and rulings by the trial judge demonstrated that his impartiality might reasonably be questioned because they were based on an extrajudicial source – namely on both the current and prior proceedings in which the same judge had presided.

Here the Defendant asserts that Judge Kaufman refused to accept extrajudicial information that he (may have) presented at some point in this case, but not in the motions currently before the judge, and that she made an independent ruling that was not in his favor.  In fact, the motion does not really claim "bias."  It is based on an assertion that Judge Kaufman "prejudged" the matter without accepting the Defendant's evidence and argument that the Deputy District Attorney of San Diego County has concluded that there was evidence sufficient to file criminal charges that Palta and ANI were engaged in fraudulent behavior of the kind that the Debtor asserts happened in his relationship with Palta and ANI.   Further, that some other court had previously stated that Palta and ANI are untrustworthy.

Having reviewed the entire tentative ruling and the March 9, 2023 hearing transcript as to the settlement motion and the tentative ruling on the amendment motion, I find that there is no showing of bias or prejudgment.  While Wanamaker complains that Judge Kaufman accepted evidence which he claims was tainted, Wanamaker insists that she should have accepted evidence of the prior bad acts of Palta and ANI.  But the evidence was never there.  Wanamaker "believes" that Judge Kaufman may have known of the district court ruling and perhaps it is in the record, but there was no reason for Judge Kaufman to try to locate it and, even if she had, it may not have been admissible.

1
2
3
4
5
6

The record reflects, as summarized in Judge Kaufman's tentative ruling, that Mr. Wanamaker (under penalty of perjury in his various bankruptcy schedules) changed the ownership interest of UR Media from 100% to 50% and also changed the number and value of the assets of UR Media from having no value to having $2,500, then $57,800, then $124,800.  Beyond that, some of the purchases were made on a credit card in the name of both the Debtor and UR Media.

7
8
9
10

Although the motion was so that the Trustee could compromise with UR Media, it allowed the sale of the artwork to a named purchaser for $20,000, subject to overbid. The proceeds would be divided 50/50 between UR Media and the estate.  Palta and ANI never objected to the sale, just to the distribution of the proceeds.

11
12
13
14
15
16

At the hearing, Trustee's counsel advised the court that the buyer had withdrawn, apparently based on the posted tentative ruling that the settlement agreement dividing the proceeds would not be allowed.  Judge Kaufman commented that this further tainted the sale because a true third-party buyer would not care who ended up with the proceeds of the sale.  Much of the hearing dealt with the independence of the buyer and the amount of the sale price.

17
18
19
20
21
22
23

It is clear from the transcript and the tentative ruling that Judge Kaufman had deep and well-grounded doubts about the relationship of Mr. Wanamaker and UR Media and this was heightened by the sale price of the artwork as well as the agreement to split the proceeds between the estate and UR Media.  There is no indication of her "prejudging" the motion or showing bias against the Debtor.  The record is full of evidence that would put any judge on notice that very careful scrutiny must be given to such a motion.  And that is exactly what Judge Kaufman did.

24
25
26
27

I have also reviewed the ruling that Judge Kaufman made as to the amendment of this adversary proceeding and it shows no sign of any bias of prejudgment as to the ultimate outcome of the newly added claim.[10]  It is on sound legal footing and covers all of the issues that are required.

28

---

[10] Adversary Proceeding, dkt. 44

At no time is there a final ruling of the relationship of UR Media and Wanamaker. That is a matter to be proven through the introduction of evidence in the adversary proceeding.  If, as argued by Wanamaker, Palta and ANI defrauded him and are untrustworthy litigants and that their expert witnesses have been corrupted, he can offer proof at the trial and also can offer proof of his relationship with UR Media.  Because Judge Kaufman granted the motion to amend the adversary complaint to include the issue of the ownership of UR Media, there is now a vehicle to determine whether the assets of UR Media are property of the estate.  There is no prejudice to Mr. Wanamaker and no reasonable person with knowledge of all the facts would find that Judge Kaufman's impartiality might reasonably be questioned.

Beyond that, the Debtor himself muddied the waters through his various amendments to schedules, changing his ownership interests in UR Media and the valuation of those interests.  The Trustee did not want to expend estate assets to untwist this puzzle that Mr. Wanamaker created.  Now she does not need to do so.  The plaintiffs in this adversary proceeding have taken that burden off of the estate and placed it on their own shoulders.  Should they prevail on the alter ego claim, the Trustee can properly liquidate the estate's interest in UR Media.  Should Mr. Wanamaker prevail, the estate will have to abandon UR Media to its rightful owner.

There is no showing that Judge Kaufman prejudged the outcome of the case before all of the evidence was before her.  Nor did she show any bias or prejudice by not simply accepting the evidence that may [or may not] have put forward by Wanamaker that Palta and ANI and their expert were totally untrustworthy.

Further, given the facts before Judge Kaufman, it appears that the present motion to recuse was not brought in good faith.  The argument that Judge Kaufman should not have allowed the creditors' expert because another court found that Palta and ANI are a good deal less than trustworthy does not even apply here.  The only expert testimony is that of John Menchaca, an accountant who traced the money and determined that it was the Debtor and not UR Media who paid the bill for the art to the

credit card company.[11]  The Debtor's own records were presented and this work is easily reviewable.  Mr. Wanamaker did not present any counter evidence.  Therefore, the claim that Mr. Menchaca gave tainted testimony is totally without foundation.

But even more egregious is that fact that the Debtor filed no reply to the opposition to the motion to settle and never raised the issue of tainted evidence in the opposition to the motion to amend.[12]  While the declarations of the San Diego Deputy District Attorney and statements of the district judge might be buried somewhere in prior filings, they were not brought to the Court's attention for the UR Media issues until this motion for recusal, which was well after the fact.

Ruling

The motion to recuse or disqualify Judge Kaufman from this adversary proceeding is DENIED.

I recommend that an order to show cause under FRBP 9011(c)(1)(B) be filed against David P. Reiner, II, counsel for the Debtor, for violating FRBP 9011(b) by filing this motion to recuse with no basis and for improper purposes.  Because of the limited reassignment order,[13] if Judge Kaufman wishes such an OSC to be brought, but does not wish to do so herself, she can prepare an order transferring the matter to me or another judge for that limited purpose.

###

Date: April 19, 2023

_____
Geraldine Mund
United States Bankruptcy Judge

---

[11] Bankruptcy Case, dkt. 571, p. 20

[12] I have not listened to the hearing on the motion to amend the adversary proceeding and it is possible that he raised it there, though it should have been properly presented in an reply to the settlement opposition.

[13] Adversary Proceeding, dkt. 53

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.