DANIEL J. MCCARTHY (SBN 151058)
HILL, FARRER & BURRILL LLP
One California Plaza
300 S. Grand Avenue, 37th Floor
Telephone: (213) 620-0460
Fax: (213) 624-4840
Email: dmmcarthy@hillfarrer.com

STELLA HAVKIN (SBN 134334)
DAVID JACOB (SBN 256374)(Of Counsel)
HAVKIN & SHRAGO ATTORNEYS AT LAW
5950 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
Telephone: (818) 999-1568
Fax: (818) 293-2414
Email: stella@havkinandshrago.com

TRAVIS A. CORDER (SBN 237575)
CORDER LAW OFFICE
815 Moraga Drive, Suite 300
Los Angeles, CA 90049
Telephone: (310) 775-5762
Fax: (310) 861-0320
Email: travisacorder@gmail.com

Counsel for Plaintiffs
*THE AFFILIATI NETWORK, LLC and SANJAY PALTA*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re:<br>JOSEPH WANAMAKER<br>        Debtor | Case No: 1:20-bk-10026-VK<br><br>Chapter 7 |
| THE AFFILIATI NETWORK, LLC, a Delaware Limited Liability Company fka THE AFFILIATI NETWORK, INC., a Florida Corporation, and SANJAY PALTA, an individual,<br>        Plaintiffs,<br><br>vs.<br><br>JOSEPH WANAMAKER,<br><br>        Defendant. | Adv. No: 1:22-ap-01038-VK<br><br>**STIPULATION TO: (1) EXTEND PRE-TRIAL DEADLINES, FACT DISCOVERY DEADLINE AND TO SET EXPERT DISCOVERY DEADLINES; AND TO (2) CONTINUE PRE-TRIAL CONFERENCE**<br><br><u>Current Pre-Trial Conference</u><br>Date: January 24, 2023<br>Time: 1:30 p.m.<br>Ctrm: 301<br>Location: 21041 Burbank Blvd, Woodland Hills, California 91367 |

Stipulation to Extend Deadlines

    **IT IS HEREBY STIPULATED** by and between plaintiffs The Affiliati Network, LLC, A Delaware Limited Liability Company Fka The Affiliati Network, Inc., A Florida Corporation; and Sanjay Palta, an individual (together, the "Plaintiffs"), and defendant Joseph Wanamaker ("Defendant"), through their respective counsel of record (collectively the "Parties"):

## **RECITALS**

    A.    On or about July 30, 2022, Plaintiffs filed a complaint to determine the dischargeability of Plaintiffs' debt pursuant to 11 U.S.C. §§ 523(a)(2), (a)(6) and objecting to the Defendant's discharge under 11 U.S.C. §§ 727(c), (d), (e) (the "Complaint") initiating this adversary proceeding against the Defendant. This adversary proceeding was assigned Adv. Case No. 1:22-ap-01038-VK (the "Action") (Adv. ECF No.1).

    B.    On August 1, 2022, the Court issued a summons setting the answer deadline for August 31, 2022 and a status hearing ("Conference") for September 21, 2022 at 1:30 p.m. (Adv. ECF No.2).

    C.    On August 3, 2022, Plaintiff issued a request that the Clerk issue another Summons and Notice of Status Conference (Adv. ECF No. 3).

    D.    On August 3, 2022, the Court issued another summons setting the answer deadline for September 2, 2022, with the Conference set for October 5, 2022 at 1:30 p.m. (Adv. ECF No. 4).

    E.    On August 9, 2022, Plaintiff issued a request that the Clerk issue another Summons and Notice of Status Conference (Adv. ECF No. 5).

    F.    On August 9, 2022, the Court issued another summons setting the answer deadline for September 8, 2022, with the Conference set for October 5, 2022 at 1:30 p.m. (Adv. ECF No. 6).

    G.    On August 9, 2022, the Court issued another summons setting the answer deadline for September 8, 2022, with the Conference set for October 5, 2022 at 1:30 p.m. (Adv. ECF No. 7).

    H.    On August 23, 2022, the Court rescheduled the Conference to October 12, 2022 at 1:30 p.m. (Adv. ECF No. 14).

    I.    On August 31, 2022, the Defendant filed his Motion to Dismiss the Action (Adv ECF No. 15).

    J.    On October 13, 2022, the Court ordered the Parties to comply with Fed R. Bankr. P. 7026, Fed R. Civ. 26(a)(1) and (f) by October 26, 2022, with the deadline to submit a joint status

report for the continued Conference date on November 2, 2022, with the Conference continued to November 16, 2022 at 1:30 p.m. (Adv. ECF No. 26).

K.  On October 17, 2022, the Court entered an order denying the relief requested in the Motion to Dismiss and setting a fourteen-day deadline for the Defendant to file a responsive pleading. (Adv. ECF No. 28).

L.  On October 28, 2022, the Defendant filed his answer to the Complaint. (Adv. ECF No. 32).

M.  On November 23, 2022, the Court entered an order setting the pre-trial motion deadline for June 21, 2023, setting the discovery deadline for June 1, 2023, with the pre-trial stipulation due July 12, 2023, and with the Conference continued to July 26, 2023 at 1:30 p.m. (Adv. ECF No. 34).

N.  On February 13, 2023, the Plaintiffs filed a Motion to amend the Complaint. (Adv. ECF No. 36).

O.  On March 2, 2023, Plaintiffs substituted lead counsel. (Adv. ECF No. 43).

P.  On March 16, 2023, the Court entered an order granting leave to amend the Complaint with the deadline to file the amended complaint ("Amended Complaint") seven days from the order (Adv. ECF No. 47).

Q.  On March 20, 2023, the Plaintiffs filed the Amended Complaint (Adv ECF No. 49).

R.  On March 20, 2023, the Plaintiffs issued a request that the Clerk issue another Summons and Notice of Status Conference (Adv ECF No. 50).

S.  On March 21, 2023, the Court issued another summons setting the answer deadline for April 20, 2022, with the Conference set for May 17, 2023 at 1:30 p.m. (Adv. ECF No. 51).

T.  On April 4, 2023, the Defendant filed a Motion to Recuse judge (Adv. ECF No. 52).

U.  On April 19, 2023, the Court denied the Motion to Recuse judge (Adv. ECF No. 55).

V.  On April 20, 2023, the Defendant filed an answer to the Amended Complaint (Adv. ECF No. 56).

W.  On May 24, 2023, the Court entered a scheduling order (Adv. ECF No. 60) setting (1) the *discovery deadline* for September 1, 2023 ("Discovery Deadline"); (2) deadline for *pre-trial motions* for September 15, 2023 ("Motion Deadline"); (3) deadline for the Parties' *pre-trial stipulation*

for October 4, 2023 ("Stipulation Deadline"); (4) setting the *pretrial conference* for October 18, 2023 at 1:30 p.m.

X.  On August 31, 2023, the Court entered a scheduling order (Adv. ECF No. 63, "Current Scheduling Order") setting (1) the *discovery deadline* for November 30, 2023 ("Discovery Deadline"); (2) deadline for *pre-trial motions* for December 14, 2023 ("Motion Deadline"); (3) deadline for the Parties' *pre-trial stipulation* for January 10, 2024 ("Stipulation Deadline"); (4) *pretrial conference* for January 24, 2024 at 1:30 p.m.

Y.  The Parties hereby stipulate to and request a brief continuance of the current scheduling deadlines and the pretrial conference. Counsel for the Parties have been conducting discovery but still have to take several depositions between them. Third party witness Patrick Merrigan, who is a CPA that has been mired professionally in the extended "tax season" in part occasioned by the government's further extension of this year's tax deadlines to October 15, has agreed, after subpoena and substantial negotiation, and without motion practice, to sit for his deposition by Plaintiffs on November 29, 2023. Plaintiff Affiliati's principal, Sanjay Palta, is available for deposition by Defendant between November 28 and December 1, but Plaintiffs and Mr. Palta are also amenable to a reasonable but brief rescheduling of that deposition depending on Defense counsel's schedule. Third party witness Ron Thomas, a real estate agent, is also under subpoena and is currently negotiating the scheduling of his deposition with Plaintiffs. Third party witness Steven Goodman, Esq., has been served with multiple subpoenas but as of this date is still refusing to sit for his deposition or produce requested documents. Plaintiffs are preparing an appropriate motion to compel in regards to Mr. Goodman after unsuccessfully attempting to cooperatively schedule his deposition.

Z.  In addition, Plaintiffs have already served numerous subpoenas upon financial and other institutions and individuals and are completing their remaining gathering of relevant documents by subpoena. A brief amount of time is required to complete this process.

AA.  Importantly to the Parties' within stipulation and request for modification of the scheduling order, there is also an issue regarding completion of <u>expert</u> discovery and production of expert reports. As of now, Plaintiffs intend to proffer one expert witness for trial, forensic accountant John Menchaca. Defendant indicates that he does not intend to produce any expert witnesses at this

time but reserves the right to designate a *rebuttal expert*.

BB.     Defendant wishes to take the expert deposition of Mr. Menchaca and would of course prefer to do so with the benefit of having received and reviewed Mr. Menchaca's expert report. Further, Fed. R. Civ. P. 26(b)(4)(A) provides that where the expert must submit an expert report, "…the [expert] deposition may be conducted only after the report is provided."

CC.     The Current Scheduling Order (Adv. ECF No. 63, August 31, 2023) provides that the current "Discovery Deadline" is November 30, 2023. The Parties understood and presently understand that deadline to be the deadline for fact but not expert discovery.

DD.     If this assumption/understanding is/was in error, the Parties apologize to the Court and request the relief stipulated to and sought herein. Mr. Menchaca's expert report is not yet complete due to the need for further factual input therein that is expected particularly to result from the upcoming (November 29) deposition of Defendant's CPA, Mr. Merrigan and the further inputs expected from Plaintiffs' remaining and final outstanding subpoenas to a few, but key, financial institutions.

EE.     Pursuant to Fed. R. Civ. P. 26(a)(2)(D), "absent a stipulation or a court order," an expert's report is not due until 90 days before the date set for trial. Although the *pretrial conference* in this matter has been set for January 24, 2024, the trial date itself has not been set.

FF.     Thus, Mr. Menchaca's expert report is not yet due, and while Plaintiffs nonetheless offered to provide Mr. Menchaca for deposition on November 22, 2023, which is both his and Defense counsel's only mutually available deposition date prior to the current November 30 cutoff[1], requiring, pursuant to the Current Scheduling Order, that Mr. Menchaca be deposed before the current November 30 discovery deadline would prevent Defendant from being able to complete a more fulsome deposition of Mr. Menchaca and would run afoul of Fed. R. Civ. P. 26. Such inadvertent time-jamming would needlessly subvert the resolution of this case on the merits and is unnecessary given the Parties' general cooperativeness regarding discovery since the filing of this adversary action.

GG.     Plaintiffs have no wish to deprive Defendant from being able to conduct a fulsome

---

[1] Mr. Menchaca will unfortunately be out of the country between November 28 and December 13, 2023.

expert deposition of Mr. Menchaca. No "trial by surprise" is intended by the Parties as far as providing each other with their respective remaining discovery. Further, the Parties' counsel have continued to cooperate collegially and collaboratively in general regarding discovery, and particularly with regard to witnesses under their control (such as Mr. Menchaca and Mr. Palta). Thus the Parties submit that good cause exists to modify the Current Scheduling Order and hereby stipulate, propose and request that the Current Scheduling Order be modified as follows:

## **STIPULATION**

NOW THEREFORE, the Parties hereby agree and stipulate that, subject to Bankruptcy Court approval:

1. The *Fact Discovery Deadline* be continued from November 30, 2023 to January 30, 2024;
2. The deadline for the parties to *make expert disclosures including expert reports* be set at February 29, 2024;
3. The deadline for the parties to *designate and disclose rebuttal experts and provide rebuttal expert reports* be set at March 15, 2024;
4. The deadline for the parties to *complete expert depositions* be set at April 15, 2024
5. The deadline to serve and file *pre-trial motions* be continued from December 14, 2023 to April 30, 2024;
6. The deadline to file a *pretrial stipulation* pursuant to Local Bankr. R. 7016 be continued from January 10, 2024 to May 30, 2024;
7. The *pretrial conference* be continued from October 18, 2023 to June 10, 2024 at 1:30 PM or to such other and further date and time as is convenient for the Court;
8. The Parties must file a joint status report at least fourteen (14) days prior to the pretrial conference pursuant to Local Bankr. R. 7016-1; and

///

///

///

///

Stipulation to Extend Deadlines

9. Nothing in this Stipulation constitutes a waiver of any of the Parties' rights or defenses including the right to seek further extension of the deadlines in this proceeding.

**IT IS SO STIPULATED**.

DATED: November 9, 2023            Havkin & Shrago

By: _____
Stella Havkin
Co-Counsel for Plaintiffs The Affiliati Network, LLC,
And Sanjay Palta

DATED: November 9, 2023            Reiner & Reiner P.A.

By: _____
David P. Reiner II, Esq
Attorney for Defendant Joseph Wanamaker.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
    5950 Canoga Avenue,. Suite 400, Woodland Hills, CA 91367

A true and correct copy of the foregoing document entitled (*specify*): Stipulation to Extend Deadlines and Continue Pretrial Hearing_____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _11/9/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
stella@havkinandshrago.com,shavkinesq@gmail.com PeterMLively2000@yahoo.com
ustpregion16.lwp.ecf@usdoj.gov dpr@reinerslaw.com, eservice@reinerslaw.com
 marisol.jaramillo@lewisbrisbois.com, AGoldman@iq7technology.com;ecf.alert+Goldman@titlexi.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 11/9/2023 | Stella Havkin | /s/ Stella Havkin |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                     **F 9013-3.1.PROOF.SERVICE**